25-783-cr
*United States v. Gavalo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                     25-783-cr

VICTOR GAVALO,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | MARGARET LARKIN (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | YUANCHUNG LEE, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**. We **REMAND** the case to the district court with instructions to vacate the standard conditions of supervised release and to conduct further proceedings consistent with this order.

Defendant-Appellant Victor Gavalo appeals from a judgment of the United States District Court for the Eastern District of New York entered on April 2, 2025, following a guilty plea to one count of possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment stemmed from an incident recorded on video surveillance footage, which showed Gavalo driving his car past a parked Audi and stopping at an intersection in Astoria, Queens. Although the traffic light at the intersection was green, Gavalo's car stopped at the light, where it remained stationary for nearly half a minute. Shortly after Gavalo stopped at the light, the Audi pulled out of its parking spot, drove up to Gavalo's stationary car, and stopped directly behind it. About ten seconds later, Gavalo emerged from his car and opened fire on the Audi while walking towards it. The driver of the Audi returned fire and wounded Gavalo, who nonetheless fired several more shots at the Audi before returning to his car and driving away. Law enforcement never found the gun that Gavalo used, but they recovered shell casings from the scene that showed he had used ammunition that had been transported across state lines.

The district court sentenced Gavalo to 96 months in prison, to be followed by two years of supervised release, and ordered that he pay a $100 special assessment. Gavalo now appeals, challenging the procedural reasonableness of his prison sentence, the constitutionality of § 922(g)(1), and whether his "standard" conditions of supervised release were properly

2

pronounced at sentencing.   We assume the parties' familiarity with the case.

## I.   Application of the Attempted First-Degree Murder Enhancement

Gavalo argues first that his sentence was procedurally unreasonable, on the ground that the district court miscalculated his advisory sentencing range under the United States Sentencing Guidelines.  *See United States v. Zhong*, 26 F.4th 536, 563–64 (2d Cir. 2022) (explaining that a district court procedurally errs when, *inter alia*, it miscalculates an advisory Guidelines range).[1] Specifically, Gavalo contends that the district court erred by applying an enhancement for attempted murder in the first degree after finding that Gavalo had both intended to kill the Audi's occupants and premeditated his actions.   Those findings triggered a base offense level of 33.   *See* U.S.S.G. § 2A2.1(a)(1) (applicable by cross-reference from U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1).[2]   After applying a three-level downward reduction for acceptance of responsibility, the court concluded that Gavalo had a total adjusted offense level of 30.   Because Gavalo fell within criminal history category II, his resulting advisory sentencing range was 108 to 135 months in prison.   The district court imposed a sentence of only 96 months, below the bottom end of that range.

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[2] Absent a finding of premeditation, Gavalo would have been subject to a lower base offense level of 27, applicable to any form of attempted murder other than attempted murder in the first degree, including attempted murder in the second degree.   *See* U.S.S.G. § 2A2.1(a)(2).   Attempted murder in the first and second degree both require "a specific intent to kill."  *United States v. Mumuni*, 946 F.3d 97, 108 (2d Cir. 2019).   What generally distinguishes the two is that murder in the first degree requires premeditation, whereas murder in the second degree does not.  *See United States v. Capers*, 20 F.4th 105, 129 (2d Cir. 2021).   The concepts of specific intent to kill and premeditation, however, are closely related: "[P]remeditation is the formation of a specific intent to kill."  *See Fisher v. United States*, 328 U.S. 463, 467 n.3 (1946).   In other words, beyond the specific intent to kill, first-degree murder requires that a defendant had "a cool mind . . . capable of reflection" and that the defendant, with that cool mind, "reflect[ed] at least for a short period of time before [the] act of killing."   *United States v. Mulder*, 273 F.3d 91, 117 (2d Cir. 2001).   Given the concepts' relatedness, it is unsurprising that the same evidence may sometimes support a finding of a specific intent to kill and of premeditation.  *See, e.g.*, *United States v. Rodriguez*, 738 F. App'x 729, 730 (2d Cir. 2018) (summary order).

Gavalo contends that there was insufficient evidence to support the district court's findings that he had a specific intent to murder and that he had acted with premeditation, as required to prove attempted first-degree murder. Because the district court's determinations were "primarily factual" rather than legal, we review them for clear error. *United States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023). As Gavalo correctly points out, the government did not present evidence of prior planning or a motive for the shooting. The evidence relevant to intent and premeditation came from the manner of the shooting itself, as captured on video. Gavalo argues that without a "back story," his extended "wait" at the green light was "just an unremarkable passage of time" "temporally proximate" to the shooting, "not evidence that Gavalo thought about or planned to kill" the occupants of the Audi before shooting at them. Appellant's Br. at 27.

We disagree with Gavalo's contentions, and we discern no clear error in the district court's determinations that Gavalo intended to kill the occupants of the Audi and that he had premeditated the killing. Those determinations were supported by video evidence showing that Gavalo drove to the scene of the crime with a gun; drove past the Audi; waited at a green traffic light until the Audi pulled up behind his car; and then got out of his car and, only a few feet away from the Audi, opened continuous fire on the occupants of the Audi even after being shot. Taken together, the evidence supports the district court's findings that Gavalo intended to kill the people in the Audi and at least briefly reflected on the matter when he was parked at the green light. *See Fisher*, 328 U.S. at 467 n.3 ("It is the fact of deliberation that is important, rather than the length of time [that the deliberation] may have continued."). We therefore reject any claim of procedural error in the imposition of Gavalo's prison term.

II.     **Constitutional Challenge to 18 U.S.C. § 922(g)(1)**

Gavalo next argues that his indictment should have been dismissed because 18 U.S.C.

4

§ 922(g)(1) is facially unconstitutional.   But, as Gavalo concedes, this argument is foreclosed by *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025).

**III.      The Conditions of Supervised Release Imposed Only in the Written Judgment**

Gavalo also contends, and the government agrees, that the district court erred by including in the judgment thirteen discretionary standard conditions of supervised release, even though they were neither orally pronounced at sentencing, nor orally cross-referenced to the Presentence Investigation Report or some other writing made available to Gavalo in advance of sentencing. We likewise agree that a limited remand is appropriate for the district court to vacate those thirteen conditions and, if it wishes, to consider reimposing them in the defendant's presence, *see United States v. Maiorana*, 153 F.4th 306, 314–15 (2d Cir. 2025) (*en banc*), subject as always to the defendant's ability to waive his rights in that regard, *id.* at 315 n.14.

\*      \*      \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court and **REMAND** the case to the district court with instructions to vacate the standard conditions of supervised release and to conduct further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5